UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD LAFFOON, JR.,

      Plaintiff,

v.                               Case No. 5:13cv31/RS/CJK

CAROLYN W. COLVIN
Acting Commissioner of Social Security,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

      I previously entered a Report and Recommendation remanding the decision of the ALJ for further proceedings.  (Doc. 15).  The Report and Recommendation was adopted by District Judge Smoak.  (Doc. 16).  Plaintiff Laffoon has now filed a motion for attorney's fees (doc. 18) under the Equal Access to Justice Act ("EAJA"), which the government opposes (doc. 19).[*]  After reviewing the motion for attorney's fees, the response in opposition, and the plaintiff's reply (doc. 22), the court finds plaintiff's time expended on the case excessive.  Plaintiff's attorney avers that between himself and co-counsel, a total of 37.3 hours were expended from the initial filing of plaintiff's social security case in this court through adoption of the undersigned's Report and Recommendation. (Doc. 18, pp. 11-12).  Plaintiff also asks

_____

[*]Based upon the experience of the undersigned in reviewing dozens of Social Security cases, the United States Attorney in this district does not routinely oppose the amount of fees requested under the EAJA.

to be compensated for the 2.3 hours spent composing the fee petition and 3.2 hours composing the reply, as well as the costs and expenses related to the filing of the case which total $368.93.  Counsel asks to be compensated at a rate of $182.50 per hour for time spent in 2012, $186.25 per hour for time spent in 2013, and $188.75 per hour for time spent in 2014.  (Doc. 18).  In total, plaintiff requests attorney's fees in the amount of $8,366.69.  (Doc. 22, p. 5).

Plaintiff's own records indicate that counsel's review of the transcript and creation of the statement of facts took 8.4 hours.  (Doc. 18, p. 12).  By subtraction, preparation of the substantive portions of the brief and underlying arguments took 23 hours.  (Doc. 18, p. 11).  The majority of the arguments in plaintiff's brief centered on the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination.  Given the relatively straightforward arguments raised in the brief, counsel's lengthy experience with social security matters, and the exclusion of time spent composing the statement of facts and reviewing the transcript, the court cannot find that the argument portion of the brief reasonably took 23 hours (the equivalent of a full three billable days) to compose.  Plaintiff's counsel alleges he spent 9.0 hours on the initial draft and then 4.9 hours reviewing that draft.  Counsel then spent another 6.1 hours preparing the final draft, then another 3.0 hours reviewing that final draft.  The time spent is particularly excessive in light of the fact that without the statement of facts, the substantive portion of plaintiff's memorandum is fourteen pages.  Accordingly, the court finds that the time spent on the substantive memorandum portions should be reduced by one-third, thus allowing for a total of 15.4 hours expended on the substantive memorandum portion of the brief.  Coupled

with the statement of facts, plaintiff will be eligible to receive attorney's fees for a total of 23.8 hours of work on the memorandum in opposition to the commissioner's decision.

The court also questions plaintiff's counsel billing .7 hours to review Judge Smoak's Order Adopting the Report and Recommendation and the clerk's judgment (docs. 16 & 17). These documents, neither of which is substantive, are each one page in length, could take no more than a minute or two to review, and, moreover, involve little or no actual legal work. This time will not be allowed. Although presenting a close call, the undersigned will not adust downwardly the time claimed by plaintiff for briefing this issue of fees, in total 5.5 hours, a majority of which was expended in plaintiff's reply (doc. 22).

In sum, plaintiff is entitled to attorney's fees for 1 hour in the amount of $182.50 for work performed in 2012, 27 hours at a rate of $186.25 per hour for work performed in 2013, and 6.5 hours at a rate of $188.75 per hour for work performed in 2014. Plaintiff is also entitled to recoup the costs and expenses spent on this action which total $368.93, as well as $12.00 for paralegal time. In total, plaintiff is entitled to $6,819.06 in attorney's fees.

The Commissioner asks that the fee be distributed in accordance with *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), but does not directly allege or show that plaintiff owes a debt to the United States. Although *Ratliff* applies, the fee should be "paid directly to counsel as long as the Government is afforded an opportunity to offset any preexisting debt owed by the plaintiff . . . ." *Meyer v. Astrue*, Civ. No. 09–3205 (MJD/LIB), 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011).

Accordingly, it is respectfully RECOMMENDED:

That the application for attorney's fees under the Equal Access to Justice Act (doc. 18) be GRANTED in the amount of $6,819.06, to be paid by defendant Commissioner within a reasonable time of this order. The Commissioner shall send such payment to plaintiff counsel's office address.

At Pensacola, Florida, this 19th day of June, 2014.


/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).